UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| VERNER L. SHEPARD, | No. CV 12-10468-VBK |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | (Social Security Case) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the Administrative Record ("AR") before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified AR.

Plaintiff raises the following issue:

1.  Whether the Commissioner failed to provide specific and

```
                    legitimate reasons for rejecting the opinion of Plaintiff's
                    treating physician.
```
(JS at 3.)

    This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that for the reasons set forth, the decision of the Commissioner must be reversed and the matter remanded.

**I**

**THE APPEALS COUNCIL'S FAILURE TO ARTICULATE ANY REASON**

**FOR REJECTING DR. YEMOFIO'S ASSESSMENT IS REVERSIBLE ERROR**

    The issue in this case is relatively simple. After the Administrative Law Judge ("ALJ") issued her Decision (AR 19-27) on June 3, 2011, Plaintiff's counsel on August 17, 2011 submitted new evidence to the Appeals Council, in the form of a "Physical Residual Functional Capacity Questionnaire" ("Questionnaire") by Dr. Yemofio, a treating physician, which is dated September 14, 2010. (AR 5, 510-515.) The parties do not disagree that Dr. Yemofio's assessment, which is that Plaintiff is capable of stand/walk exertion for less than two hours a day, and of sitting for two hours a day (AR 513), would, if found to be credible and persuasive, render Plaintiff disabled, simply because he could not work an eight-hour day. There is, in addition, no dispute that this new evidence was timely submitted (see "Defendant's Contentions" at JS 6-7); rather, the Commissioner argues that the "check-the-box" Questionnaire is entirely conclusory, is unsupported by any accompanying objective evidence, and, finally, conflicts with the existing medical evidence. This may

or may not be true, but it is not the Court's role to perform an evidentiary credibility analysis in the absence of the Commissioner having indicated what consideration, if any, was given to this new medical evidence. As to this, nothing is said by the Appeals Council, other than, having reviewed the new evidence (AR 5), it indicating, "We found no reason under our rules to review the Administrative Judge's decision. Therefore we have denied your request for review." (AR 1.)

The Court cannot apply harmless error analysis in this case, for to do so, the Court would have to make an assessment of the value of Dr. Yemofio's Questionnaire, or at the least, engage in a speculative, predictive exercise as to how the ALJ or the Appeals Council would have evaluated this evidence. By definition, the harmless error doctrine requires a reviewing Court to consider that even if the evidence was fully credited, it would not change the result. See Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1055-56 (9th Cir. 2006), and Molina v. Astrue, 674 F.3d 1104, 1122-23, 9th Cir. 2012, Graber, Circuit Judge, concurring in part and dissenting in part). As Judge Graber plainly and correctly stated with regard to the evaluation of evidence under a harmless error analysis, "Rather, we still must decide whether the testimony affected the disability determination. [Citation omitted.] If the ignored testimony had no bearing on that determination, the error is harmless." (Id.) As this Court has indicated, it cannot make an assessment whether, if found credible, this evidence would change the disability analysis. Indeed, in the Molina case itself, the evidence in question was found to be immaterial to the ultimate decision, and thus properly considered harmless error, because, as the majority

opinion indicates, "Although the ALJ erred in failing to give germane reasons for rejecting the lay witness testimony, such error was harmless given that the lay testimony described the same limitations as Molina's own testimony, and the ALJ's reasons for rejecting Molina's testimony apply with equal force to the lay testimony." That analytical framework cannot apply to an analysis of the effect of Dr. Yemofio's opinion, because, as noted, it is in fact contradictory to the evidence relied upon by both the ALJ and the Appeals Council in finding Plaintiff to be not disabled. Therefore, this matter must be remanded so that consideration can be given to this evidence. If appropriate, the ALJ will develop the record to determine whether the Questionnaire is supported by underlying objective evidence.

For the foregoing reasons, this matter will be remanded for further hearing consistent with this Memorandum Opinion.

**IT IS SO ORDERED.**


DATED: September 11, 2013              /s/
                                VICTOR B. KENTON
                                UNITED STATES MAGISTRATE JUDGE